Phillips, Nizer, Benjamin & Krim, New York City, Louis Nizer, Paul Martinson, Seymour Shainswit, New York City, of counsel, for defendant.

**BANK OF AMERICA, National Trust and Savings Association, Enterprise Productions, Inc. and Sunset Securities Co., Plaintiffs,**

v.

**LOEW'S INTERNATIONAL CORPORATION, Defendant.**

United States District Court
S. D. New York.

March 1, 1956.

CASHIN, District Judge.

This appears to be a most complex action for breach of a contract for the distribution of plaintiffs' motion pictures by the defendant. The complaint consists of thirty-four pages and contains fourteen causes of action and seeks judgment in the amount of $2,642,240.

The plaintiffs and the defendant have both moved pursuant to Rule 34 of the Rules of Civil Procedure, 28 U.S.C.A., for discovery and inspection of certain categories of documents and records. Each opposes the others' motion almost in toto. The general and only real grounds of opposition are substantially the same, i. e., that the other parties' request is too broad and burdensome and merely made for the purposes of harassment.

It is the opinion of the Court that both defendant's and plaintiffs' motions for discovery are very broad. However, the only conclusion that can be reached upon examining the scope of discovery each requests and the respective affidavits in support, is that both parties consider this action a most complicated one, necessitating very extensive and broad discovery.

The Court therefore finds it difficult to attach much significance to the briefs and affidavits in opposition which are for the most part inconsistent to the parties' positions in support of their respective motions.

Taking into consideration the conceded complexity and magnitude of the suit and the contentions both parties make here as to the breadth of the issues in the case, it would be sheer guesswork for this Court to designate any particular item as irrelevant. This is true even though the Court is certain that both requests for discovery could be greatly limited by a more conciliatory approach. Perhaps, if these motions had been argued instead of submitted, the Court could have been of some assistance in this regard.

Plaintiffs' motion is granted and defendant's motion is granted.